**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MITSUBISHI ELECTRIC CORP. (alternatively named MITSUBISHI DENKI KABUSHIKI KAISHA), KONINKLIJKE PHILIPS N.V., and THOMSON LICENSING,<br><br>*Plaintiffs*,<br><br>v.<br><br>MOTOROLA MOBILITY LLC,<br><br>*Defendant*. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Mitsubishi Electric Corp. (alternatively named Mitsubishi Denki Kabushiki Kaisha) ("Mitsubishi"), Koninklijke Philips N.V. ("Philips"), and Thomson Licensing ("Thomson"), by their undersigned attorneys, for their complaint against defendant Motorola Mobility LLC ("Motorola"), hereby allege as follows:

### PARTIES

1. Plaintiff Mitsubishi is a Japanese corporation, having its principal place of business in Tokyo, Japan.

2. Plaintiff Philips is a Netherlands corporation, having its principal place of business in Amsterdam, The Netherlands.

3. Plaintiff Thomson is a French corporation, having its principal place of business in Issy-Les-Moulineaux, France.

4.      Defendant Motorola, upon information and belief, is a limited liability company organized under the laws of Delaware, having a regular and established place of business in Plantation, Florida.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the Patent Laws of the United States, United States Code, Title 35, § 1, et seq.

6.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

8.      This Court has personal jurisdiction over Motorola because, upon information and belief, Motorola, among other things, conducts business in, and avails itself of the laws of, the State of Florida.  Motorola is also registered to do business in Florida and has appointed an agent for service of process in Florida.  In addition, upon information and belief, Motorola through its own acts and/or through the acts of its affiliated companies (acting as its agents or alter egos) has made, used, offered to sell, sold (directly or through intermediaries), imported, licensed and/or supplied, in this District and elsewhere in the United States, products, through regular distribution channels, knowing such products would be used, offered for sale and/or sold in this District.

## PATENTS-IN-SUIT

9.      United States Patent No. 7,376,184, entitled "High-Efficiency Encoder and Video Information Recording/Reproducing Apparatus" (hereinafter, "the '184 patent") was duly and legally issued on May 20, 2008.  A copy of the '184 patent is attached hereto as Exhibit 1.

10. United States Patent No. 6,097,759, entitled "Image Signal Coding System" (hereinafter, "the '759 patent") was duly and legally issued on August 1, 2000. A copy of the '759 patent is attached hereto as Exhibit 2.

11. United States Patent No. 7,362,805, entitled "High Efficiency Encoder and Video Information Recording/Reproducing Apparatus" (hereinafter, "the '805 patent") was duly and legally issued on April 22, 2008. A copy of the '805 patent is attached hereto as Exhibit 3.

12. United States Patent No. 5,606,539, entitled "Method and Apparatus for Encoding and Decoding an Audio and/or Video Signal, and a Record Carrier for Use with Such Apparatus" (hereinafter, "the '539 patent") was duly and legally issued on February 25, 1997. A copy of the '539 patent is attached hereto as Exhibit 4.

13. United States Patent No. 5,333,135, entitled "Identification of a Data Stream Transmitted as a Sequence of Packets" (hereinafter, "the '135 patent") was duly and legally issued on July 26, 1994. A copy of the '135 patent is attached hereto as Exhibit 5.

14. United States Patent No. 5,422,676, entitled "System for Coding An Image Representative Signal" (hereinafter, "the '676 patent") was duly and legally issued on June 6, 1995. A copy of the '676 patent is attached hereto as Exhibit 6.

15. United States Patent No. 5,459,789, entitled "Packet TV Program Component Detector" (hereinafter, "the '789 patent") was duly and legally issued on October 17, 1995. A copy of the '789 patent is attached hereto as Exhibit 7.

**THE MPEG-2 STANDARD**

16. In the 1990s, the Moving Pictures Expert Group ("MPEG") (a working group formed by the International Organization for Standardization (ISO) and International Electrotechnical Commission (IEC)) developed the "MPEG-2 Standard." The MPEG-2

Standard defines, among other things, a technology for compressing digital video signals (for example, moving picture signals in movies or television) so that the amount of information needed to represent the digital video signals is reduced.  This enables a dramatic reduction in the storage space or transmission capacity needed to store or transmit the digital video signals yet still allows a faithful, high quality presentation of such video signals.

17.     Thus, the MPEG-2 Standard facilitates, among other things, the storage, playing, transmission and reproduction of digital terrestrial broadcast television, digital cable television, full-length films on DVD discs, and digital satellite television broadcasts in the United States.

## MOTOROLA'S INFRINGEMENT

18.     Each of the patents-in-suit is infringed by practice of the MPEG-2 Standard.

19.     Motorola has made, used, offered to sell, sold (directly or through intermediaries), imported, licensed and/or supplied, in this District and elsewhere in the United States, numerous products which comply with the MPEG-2 Standard ("Motorola's MPEG-2 Products").

20.     Upon information and belief, Motorola's MPEG-2 Products have included (but are not limited to) the following cable set top box model numbers:  DCX3200, DCX3200 P2, DCX3400  DCH70, DCX700, DCH100, DCH3200 DCH3416, DCT700, HD-DTA100u, DCX3200-M P3, and DCX3510-M.  Without discovery from Motorola, Plaintiffs are not able to ascertain at the pleading stage all Motorola products with MPEG-2 Standard functionality.

21.     Motorola has infringed, literally and/or under the doctrine of equivalents, one or more claims of the patents-in-suit by having made, used, offered to sell, sold (directly or through intermediaries), imported, licensed and/or supplied, in this District and elsewhere in the United States, products, including but not limited to Motorola's MPEG-2 Products, that are covered by

claims of, perform the methods claimed in and/or are made by a process claimed in the patents-in-suit without authority, consent or license.

22. Upon information and belief, Motorola has also sold and provided its MPEG-2 Products, directly and/or indirectly, to third-parties, including but not limited to customers, users, distributors and/or resellers (such as retailers) (collectively, "downstream parties").

23. Upon information and belief, the downstream parties have directly infringed one or more claims of the patents-in-suit by having made, used, licensed, offered to sell, sold (directly or through intermediaries), imported and/or supplied in this District and elsewhere in the United States, products, including but not limited to Motorola's MPEG-2 Products, that are covered by claims of, perform the methods claimed in, and/or are made by a process claimed in the patents-in-suit without authority, consent or license.

**MOTOROLA WAS A LICENSEE OF THE PATENTS-IN-SUIT FROM 1997 TO 2010**

24. MPEG LA is a company that offers a "one-stop shop" license for a pool of patents for practicing the MPEG-2 Standard ("MPEG-2 pool license"). Mitsubishi, Philips and Thomson are licensors in the MPEG-2 pool license and the '184, '759, '805, '539, '135, '676, and '789 patents are licensed under the MPEG-2 pool license. MPEG LA has offered and continues to offer the MPEG-2 pool license on fair, reasonable and nondiscriminatory terms.

25. Nearly 2,000 companies have taken the MPEG-2 pool license, including major consumer electronics sellers that have competed with Motorola, such as Scientific Atlanta and Pace.

26. In addition, each of the Plaintiffs has committed to individually license its own MPEG-2 patents on fair, reasonable and nondiscriminatory terms to anyone who requests such a license.

27. Thus, any company may have obtained or may obtain a license directly from Mitsubishi for the '184, '759 and/or '805 patents, from Philips for the '539 and/or '135 patents, and from Thomson for the '676 and/or '789 patents; or, alternatively, may obtain the MPEG-2 pool license from MPEG LA.

28. Motorola, through one of its subsidiaries, was one of the founding members of MPEG LA, and participated with various entities, including Plaintiffs Mitsubishi and Philips, to form the MPEG-2 pool license. Also, Motorola, either directly or through one of its subsidiaries, has been a patent owner with patents in the MPEG-2 pool license.

29. From 1997 through 2010, Motorola, either directly or through one of its subsidiaries, received royalties from the MPEG-2 pool license and/or profits from the overall licensing activities of MPEG LA, including administration of the MPEG-2 pool license. Motorola to this day receives profits from the business of MPEG LA.

30. In addition, Motorola, either directly or through one of its subsidiaries, was a licensee of the MPEG-2 pool license (including the patents-in-suit) until December 31, 2010, when the license came up for renewal. However, at that time, Motorola and its subsidiaries refused to renew. Nor did Motorola or any of its subsidiaries obtain a license from any of the Plaintiffs. Thus, to this date, Motorola has not entered into or renewed a license under any of the '184, '759, '805, '539, '135, '676 and/or '789 patents.

31. Plaintiffs gave written notice to Motorola of its infringement. For example, among other things, MPEG LA, on behalf of each Plaintiff, gave written notice to Motorola of its infringement.

32. In short, notwithstanding the fact that Motorola was and continues to be aware that its products have infringed the patents-in-suit without authority, consent or license since January 1, 2011, Motorola has refused to renew its license or take a new license.

33. Infringement of the patents-in-suit by Motorola has, therefore, been willful.

34. For the same reasons, among others, Motorola has known that the acts by downstream parties of making, using, licensing, offering to sell, selling (directly or through intermediaries), importing and/or supplying in this District and elsewhere in the United States, its MPEG-2 Products, have directly infringed the patents-in-suit.

35. Further, upon information and belief, Motorola has specifically intended to induce, and has induced, downstream parties to infringe the patents-in-suit by making, using, licensing, offering to sell, selling (directly or through intermediaries), importing and/or supplying in this District and elsewhere in the United States, its MPEG-2 Products, knowing that the use of these products has caused others to infringe the Plaintiffs' patents-in-suit. For example, Motorola has advertised, licensed, and/or provided instructions for such products with the specific intent and encouragement that the downstream parties infringe the patents-in-suit. Also, upon information and belief, Motorola has provided downstream parties with instructions and/or user guides indicating that its products employ the MPEG-2 Standard.

36. Motorola's infringing actions were without authority, consent or license.

37. Plaintiffs have each suffered damages as a result of the direct and indirect infringing actions of Motorola.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,376,184**

38. The allegations contained in paragraphs 1-37 above are repeated and realleged as if fully set forth herein.

39. Mitsubishi is the assignee and owner of the right, title, and interest in and to the '184 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

40. Motorola is, and has been, on notice of the '184 patent since before this lawsuit was filed.

41. Based on, among other things, the facts incorporated by reference in paragraph 38 and alleged in paragraphs 39-40, Motorola has directly infringed and/or indirectly infringed by inducement, literally and/or under the doctrine of equivalents, the '184 patent under 35 U.S.C. § 271.

42. Upon information and belief, the infringement of the '184 patent by Motorola has been willful.

43. Mitsubishi has been damaged by Motorola's infringement of the '184 patent.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 6,097,759

44. The allegations contained in paragraphs 1-37 above are repeated and realleged as if fully set forth herein.

45. Mitsubishi is the assignee and owner of the right, title, and interest in and to the '759 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

46. Motorola is, and has been, on notice of the '759 patent since before this lawsuit was filed.

47. Based on, among other things, the facts incorporated by reference in paragraph 44 and alleged in paragraphs 45-46, Motorola has directly infringed and/or indirectly infringed by inducement, literally and/or under the doctrine of equivalents, the '759 patent under 35 U.S.C. § 271.

48. Upon information and belief, the infringement of the '759 patent by Motorola has been willful.

49. Mitsubishi has been damaged by Motorola's infringement of the '759 patent.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,362,805

50. The allegations contained in paragraphs 1-37 above are repeated and realleged as if fully set forth herein.

51. Mitsubishi is the assignee and owner of the right, title, and interest in and to the '805 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

52. Motorola is, and has been, on notice of the '805 patent since before this lawsuit was filed.

53. Based on, among other things, the facts incorporated by reference in paragraph 50 and alleged in paragraphs 51-52, Motorola has directly infringed and/or indirectly infringed by inducement, literally and/or under the doctrine of equivalents, the '805 patent under 35 U.S.C. § 271.

54. Upon information and belief, the infringement of the '805 patent by Motorola has been willful.

55. Mitsubishi has been damaged by Motorola's infringement of the '805 patent.

### COUNT IV:  INFRINGEMENT OF U.S. PATENT NO. 5,606,539

56. The allegations contained in paragraphs 1-37 above are repeated and realleged as if fully set forth herein.

57. Philips is the assignee and owner of the right, title, and interest in and to the '539 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

58. Motorola is, and has been, on notice of the '539 patent since before this lawsuit was filed.

59. Based on, among other things, the facts incorporated by reference in paragraph 56 and alleged in paragraphs 57-58, Motorola has directly infringed and/or indirectly infringed by inducement, literally and/or under the doctrine of equivalents, the '539 patent under 35 U.S.C. § 271.

60. Upon information and belief, the infringement of the '539 patent by Motorola has been willful.

61. Philips has been damaged by Motorola's infringement of the '539 patent.

### COUNT V:  INFRINGEMENT OF U.S. PATENT NO. 5,333,135

62. The allegations contained in paragraphs 1-37 above are repeated and realleged as if fully set forth herein.

63. Philips is the assignee and owner of the right, title, and interest in and to the '135 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

64. Motorola is, and has been, on notice of the '135 patent since before this lawsuit was filed.

65. Based on, among other things, the facts incorporated by reference in paragraph 62 and alleged in paragraphs 63-64, Motorola has directly infringed and/or indirectly infringed by inducement, literally and/or under the doctrine of equivalents, the '135 patent under 35 U.S.C. § 271.

66. Upon information and belief, the infringement of the '135 patent by Motorola has been willful.

67. Philips has been damaged by Motorola's infringement of the '135 patent.

**COUNT V:  INFRINGEMENT OF U.S. PATENT NO. 5,422,676**

68. The allegations contained in paragraphs 1-37 above are repeated and realleged as if fully set forth herein.

69. Thomson is the assignee and owner of the right, title, and interest in and to the '676 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

70. Motorola is, and has been, on notice of the '676 patent since before this lawsuit was filed.

71. Based on, among other things, the facts incorporated by reference in paragraph 68 and alleged in paragraphs 69-70, Motorola has directly infringed and/or indirectly infringed by inducement, literally and/or under the doctrine of equivalents, the '676 patent under 35 U.S.C. § 271.

72. Upon information and belief, the infringement of the '676 patent by Motorola has been willful.

73. Thomson has been damaged by Motorola's infringement of the '676 patent.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 5,459,789

74. The allegations contained in paragraphs 1-37 above are repeated and realleged as if fully set forth herein.

75. Thomson is the assignee and owner of the right, title, and interest in and to the '789 patent, now and for the entire period of and relevant to the infringement, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

76. Motorola is, and has been, on notice of the '789 patent since before this lawsuit was filed.

77. Based on, among other things, the facts incorporated by reference in paragraph 74 and alleged in paragraphs 75-76, Motorola has directly infringed and/or indirectly infringed by inducement, literally and/or under the doctrine of equivalents, the '789 patent under 35 U.S.C. § 271.

78. Upon information and belief, the infringement of the '789 patent by Motorola has been willful.

79. Thomson has been damaged by Motorola's infringement of the '789 patent.

## EXCEPTIONAL CASE

80. The allegations contained in paragraphs 1-79 above are repeated and realleged as if fully set forth herein.

81. Based on, among other things, the facts alleged in paragraphs 1-79, including Motorola's intentional use of the MPEG-2 Standard, Motorola's knowledge of its infringement and its downstream parties' infringement, and Motorola's direct and indirect infringement, this case is exceptional under 35 U.S.C. § 285 and Plaintiffs are entitled to their reasonable costs and expenses of litigation.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgment:

A. Declaring that Motorola has infringed U.S. Patent Nos. 7,376,184, 6,097,759, 7,362,805, 5,606,539, 5,333,135, 5,422,676, 5,459,789;

B. Awarding Plaintiffs damages adequate to compensate for Motorola's infringing activities, at a minimum, during the period starting January 1, 2011, together with prejudgment and post-judgment interest on the damages awarded; all of these damages to be enhanced in an amount up to treble the amount of compensatory damages as justified under 35 U.S.C. § 284;

C. Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding Plaintiffs their reasonable costs and expenses of litigation, including attorneys' and experts' fees; and

D. Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all issues so triable.

Dated:  July 31, 2013

Respectfully submitted,

PROSKAUER ROSE LLP
2255 Glades Road, Suite 421 Atrium
Boca Raton, FL 33431
Telephone: (561) 241-7400
Facsimile:  (561) 241-7145

/s/ Payal Salsburg
Matthew Triggs
Florida Bar No. 0865745
mtriggs@proskauer.com
Payal Salsburg
Florida Bar No. 0057038
psalsburg@proskauer.com

PROSKAUER ROSE LLP
Steven M. Bauer*
Justin J. Daniels*
One International Place
Boston, MA 02110
(617) 526-9600

*pro hac admission to be sought*

*Attorneys for Plaintiffs*