UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-80745-MIDDLEBROOKS/BRANNON

MITSUBISHI ELECTRIC CORP. (alternatively
named MITSUBISHI DENKI KABUSHIKI
KAISHA), KONINKLIJKE PHILIPS N.V., and
THOMSON LICENSING,

          Plaintiffs,

v.

MOTOROLA MOBILITY LLC,

          Defendant.

**DEFENDANT MOTOROLA MOBILITY LLC'S ANSWER, DEFENSES AND
COUNTERCLAIMS TO PLAINTIFFS'
COMPLAINT FOR PATENT INFRINGEMENT**

       Pursuant to Fed. R. Civ. P. 7, 8, 9, 12, and 13, Defendant Motorola Mobility LLC ("Motorola") provides its Answer, Defenses, and Counterclaims to Complaint of Plaintiffs Mitsubishi Electric Corp., Koninklijke Philips N.V., and Thomson Licensing as follows:

**PARTIES**

       1.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, as such, denies the same.

       2.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and, as such, denies the same.

       3.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and, as such, denies the same.

4.    Motorola admits that Motorola is a limited liability company organized under the laws of Delaware and that Motorola maintains a place of business in Plantation, Florida.

## JURISDICTION AND VENUE

5.    Motorola admits that Plaintiff's Complaint alleges patent infringement under Title 35 of the United States Code.

6.    Motorola admits that 28 U.S.C. §§ 1331 and 1338(a) grant this Court subject matter jurisdiction over such claims.

7.    Motorola admits that venue is proper in this Judicial District under 28 U.S.C. §§ 1391(c) and 1400(b).  Motorola denies the remaining allegations of paragraph 7.

8.    Motorola does not contest personal jurisdiction in this District solely for the purposes of this action.  Motorola admits that it conducts business in the state of Florida and is registered to do business in Florida.  Motorola denies the remaining allegations of paragraph 8.

## THE PATENTS-IN-SUIT

9.    Motorola admits that Plaintiffs attached a copy of U.S. Patent No. 7,376,184 (the '184 patent) to their Complaint as Exhibit 1.  Motorola admits that the patent bears the title "High-Efficiency Encoder and Video Information Recording/Reproducing Apparatus" and an issue date of May 20, 2008.  Upon information and belief, Motorola denies that the '184 patent was duly and legally issued.  Motorola denies any remaining allegations in paragraph 9.

10.    Motorola admits that Plaintiffs attached a copy of U.S. Patent No. 6,097,759 (the '759 patent) to their Complaint as Exhibit 2.  Motorola admits that the patent bears the title "Image Signal Coding System" and an issue date of August 1, 2000.  Upon information and belief, Motorola denies that the '759 patent was duly and legally issued.  Motorola denies any remaining allegations in paragraph 10.

11.     Motorola admits that Plaintiffs attached a copy of U.S. Patent No. 7,362,805 (the '805 patent) to their Complaint as Exhibit 3.   Motorola admits that the patent bears the title "High-Efficiency Encoder and Video Information Recording/Reproducing Apparatus" and an issue date of April 22, 2008.  Upon information and belief, Motorola denies that the '805 patent was duly and legally issued.  Motorola denies any remaining allegations in paragraph 11.

12.     Motorola admits that Plaintiffs attached a copy of U.S. Patent No. 5,606,539 (the '539 patent) to their Complaint as Exhibit 4.   Motorola admits that the patent bears the title "Method and Apparatus for Encoding and Decoding an Audio and/or Video Signal, and a Record Carrier for Use with Such Apparatus" and an issue date of February 25, 1997.  Upon information and belief, Motorola denies that the '805 patent was duly and legally issued. Motorola denies any remaining allegations in paragraph 12.

13.     Motorola admits that Plaintiffs attached a copy of U.S. Patent No. 5,333,135 (the '135 patent) to their Complaint as Exhibit 5.   Motorola admits that the patent bears the title "Identification of a Data Stream Transmitted as a Sequence of Packets" and an issue date of July 26, 1994.   Upon information and belief, Motorola denies that the '135 patent was duly and legally issued. Motorola denies any remaining allegations in paragraph 13.

14.     Motorola admits that Plaintiffs attached a copy of U.S. Patent No. 5,422,676 (the '676 patent) to their Complaint as Exhibit 6.   Motorola admits that the patent bears the title "System for Coding An Image Representative Signal" and an issue date of June 6, 1995.  Upon information and belief, Motorola denies that the '676 patent was duly and legally issued. Motorola denies any remaining allegations in paragraph 14.

15.     Motorola admits that Plaintiffs attached a copy of U.S. Patent No. 5,459,789 (the '789 patent) to their Complaint as Exhibit 7.   Motorola admits that the patent bears the title

"Packet TV Program Component Detector" and an issue date of October 17, 1995.  Upon information and belief, Motorola denies that the '789 patent was duly and legally issued. Motorola denies any remaining allegations in paragraph 15.

## THE MPEG-2 STANDARD

16.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and, as such, denies the same.

17.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and, as such, denies the same.

## ALLEGED INFRINGEMENT

18.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, as such, denies the same.

19.     Motorola admits that it has made, used, offered to sell, sold, imported, licensed and/or supplied products which comply with the MPEG-2 Standard.  Motorola denies the remaining allegations of paragraph 19.

20.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and, as such, denies the same.

21.     Denied.

22.     Denied.

23.     Denied.

## LICENSING OF THE PATENTS-IN-SUIT

24.     Motorola admits that MPEG LA offers a license for a pool of patents for practicing the MPEG-2 Standard.  Motorola is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 of the Complaint and, as such, denies the same.

25.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint and, as such, denies the same.

26.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and, as such, denies the same.

27.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and, as such, denies the same.

28.     Motorola admits that one of its former subsidiaries has been a patent owner with patents in the MPEG-2 pool license.  Motorola denies the remaining allegations of paragraph 28.

29.     Motorola admits that one of its subsidiaries received royalties from the MPEG-2 pool license and/or profits from the overall licensing of MPEG LA from 2000 until 2010. Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and, as such, denies the same.

30.     Motorola admits that one of its former subsidiaries was a licensee of the MPEG-2 pool license until December 31, 2010 and that it did not renew its license after that date. Motorola denies the remaining allegations of paragraph 30.

31.     Denied.

32.     Motorola admits that it did not renew its license to the patents-in-suit after January 1, 2011.  Motorola denies the remaining allegations of paragraph 32 and specifically denies that it has committed any act of infringement.

33.     Denied.

34.     Denied.

35.     Motorola admits that it has provided downstream parties with instructions and/or user guides indicating that its products employ the MPEG-2 Standard.  Motorola denies the

remaining allegations of paragraph 35 and specifically denies that it has committed any act of infringement.

36.     Denied.

37.     Denied.

## COUNT I: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,376,184

38.     Motorola re-alleges and incorporates by reference foregoing paragraphs 1 through 37.

39.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint and, as such, denies the same.

40.     Motorola admits that it has known of the '184 patent at least since the filing of this lawsuit.  Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint and, as such, denies same.

41.     Denied.

42.     Denied.

43.     Denied.

## COUNT II: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,097,759

44.     Motorola re-alleges and incorporates by reference foregoing paragraphs 1 through 43.

45.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint and, as such, denies the same.

46.     Motorola admits that it has known of the '759 patent at least since the filing of this lawsuit.  Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint and, as such, denies same.

47.     Denied.

48.     Denied.

49.     Denied.

**COUNT III: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,362,805**

50.     Motorola re-alleges and incorporates by reference foregoing paragraphs 1 through 49.

51.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint and, as such, denies the same.

52.     Motorola admits that it has known of the '805 patent at least since the filing of this lawsuit.  Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint and, as such, denies same.

53.     Denied.

54.     Denied.

55.     Denied.

**COUNT IV: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,606,539**

56.     Motorola re-alleges and incorporates by reference foregoing paragraphs 1 through 55.

57.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint and, as such, denies the same.

58.     Motorola admits that it has known of the '539 patent at least since the filing of this lawsuit.  Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint and, as such, denies same.

59.     Denied.

60.     Denied.

61.     Denied.

<u>**COUNT V: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,333,135**</u>

62.     Motorola re-alleges and incorporates by reference foregoing paragraphs 1 through 61.

63.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint and, as such, denies the same.

64.     Motorola admits that it has known of the '135 patent at least since the filing of this lawsuit.  Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint and, as such, denies same.

65.     Denied.

66.     Denied.

67.     Denied.

<u>**COUNT VI: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,422,676**</u>

68.     Motorola re-alleges and incorporates by reference foregoing paragraphs 1 through 67.

69.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint and, as such, denies the same.

70.     Motorola admits that it has known of the '676 patent at least since the filing of this lawsuit.  Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Complaint and, as such, denies same.

71.     Denied.

72.     Denied.

73.     Denied.

<u>**COUNT VII: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,459,789**</u>

74.     Motorola re-alleges and incorporates by reference foregoing paragraphs 1 through

Case No. 13-cv-80745-MIDDLEBROOKS/BRANNON

73.

75.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of the Complaint and, as such, denies the same.

76.     Motorola admits that it has known of the '789 patent at least since the filing of this lawsuit.  Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Complaint and, as such, denies same.

77.     Denied.

78.     Denied.

79.     Denied.

## EXCEPTIONAL CASE

80.     Motorola re-alleges and incorporates by reference foregoing paragraphs 1 through 79.

81.     Denied.

## REQUEST FOR RELIEF

Motorola denies that Plaintiffs are entitled to any of the grounds for relief enumerated in the Complaint.

## JURY DEMAND

Motorola acknowledges that Plaintiffs demand a trial by jury.  Motorola hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## GENERAL DENIAL

Except as explicitly admitted herein, Motorola denies each and every allegation contained in Plaintiffs' Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Motorola alleges and asserts the following affirmative and other defenses in response to the allegations of Plaintiffs' Complaint without assuming any burden of proof that it would not otherwise have.  In addition to the defenses described below and subject to its responses above, Motorola specifically reserves all rights to allege additional affirmative and other defenses that become known through the course of discovery.

## FIRST DEFENSE
### (Failure to State a Claim)

Plaintiffs' Complaint fails to state a claim upon which relief can be granted because Motorola has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to Plaintiffs under the '184 patent, the '759 patent, the '805 patent, the '539 patent, the '135 patent, the '676 patent, or the '789 patent.

## SECOND DEFENSE
### (No Infringement)

Motorola does not infringe and has not infringed any valid and enforceable claim of the '184 patent, the '759 patent, the '805 patent, the '539 patent, the '135 patent, the '676 patent, or the '789 patent.

## THIRD DEFENSE
### (Invalidity)

One or more claims of the '184 patent, the '759 patent, the '805 patent, the '539 patent, the '135 patent, the '676 patent, and/or the '789 patent is invalid for failure to meet the

requirements of 35 U.S.C. and 37 C.F.R. including without limitation 35 U.S.C. §§101, 102, 103 and/or 112.

## FOURTH DEFENSE
### (Laches, Estoppel, Waiver and/or Acquiescence)

Plaintiffs' claims are barred by one or more of the doctrines of laches, estoppel, waiver and/or acquiescence, including but not limited to Plaintiffs' unreasonable delay in asserting the '184 patent, the '759 patent, the '805 patent, the '539 patent, the '135 patent, the '676 patent, and/or the '789 patent.

## FIFTH DEFENSE
### (Prosecution History Estoppel)

Plaintiffs' claims for relief are barred, in whole or in part, by the doctrine of prosecution history estoppel.

## SIXTH DEFENSE
### (Limitation of Damages)

Plaintiffs' claim for damages, if any, against Motorola is statutorily limited by 35 U.S.C. § 287.

## SEVENTH DEFENSE
### (Limitation of Damages)

Under the provisions of 35 U.S.C. § 286, Plaintiff is precluded from seeking recovery for any of Motorola's allegedly infringing acts occurring more than six years before the filing of the Complaint.

## EIGHTH DEFENSE
### (No Injunctive Relief)

Plaintiffs are not entitled to any injunctive relief as it has, at a minimum, an adequate remedy at law and no irreparable alleged injury.

## NINTH DEFENSE
### (Defenses reserved)

Motorola reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

Case No. 13-cv-80745-MIDDLEBROOKS/BRANNON

## COUNTERCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Motorola asserts the following counterclaims for declaratory judgment against Plaintiffs.  Motorola expressly reserves the right to allege additional claims as they become known to Motorola through the course of discovery.

## PARTIES

1.    Counterclaim Plaintiff Motorola Mobility LLC is a Delaware limited liability company, with its principal place of business at 600 N. U.S. Highway 45, Libertyville, IL 60048-1296.

2.    Counterclaim Defendant Mitsubishi Electric Corp. ("Mitsubishi") purports to be a Japanese corporation, with its principal place of business in Tokyo, Japan.

3.    Counterclaim Defendant Koninklijke Philips N.V. ("Philips") purports to be a Netherlands corporation, with its principal place of business in Amsterdam, the Netherlands.

4.    Counterclaim Defendant Thomson Licensing ("Thomson") purports to be a French corporation, with its principal place of business in Issy-Les-Moulineaux, France.

## JURISDICTION AND VENUE

5.    These counterclaims arise under the patent laws of the United States, 35 U.S.C, § 1, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.    This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. §§ 2201 and 2202.

7.    By filing their Complaint, the counterclaim defendants have consented to the personal jurisdiction of this Court.

8.    Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and

13

1400.

## COUNT I
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,376,184

9.      Mitsubishi has alleged that Motorola infringes or has infringed United States Patent No. 7,376,184 ("the '184 patent").    Motorola denies that it infringes or has infringed any valid claim of the '184 patent.

10.      Thus, an actual, substantial controversy exists between Motorola and Mitsubishi as to whether Motorola infringes the '184 patent.

11.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Motorola is entitled to a declaration by the Court that it does not directly or indirectly infringe and has not infringed any claim of the '184 patent.

## COUNT II
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,376,184

12.      Mitsubishi alleged that Motorola infringes or has infringed the '184 patent.

13.      One or more claims of the '184 patent are invalid or void for failure to meet the requirements of 35 U.S.C. and 37 C.F.R. including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

14.      Thus, an actual, substantial controversy exists between Motorola and Mitsubishi concerning the invalidity of the '184 patent.

15.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Motorola is entitled to a declaration by the Court that the '184 patent is invalid.

Case No. 13-cv-80745-MIDDLEBROOKS/BRANNON

## COUNT III
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,097,759

16.     Mitsubishi has alleged that Motorola infringes or has infringed United States Patent No. 6097,759 ("the '759 patent").    Motorola denies that it infringes or has infringed any valid claim of the '759 patent.

17.     Thus, an actual, substantial controversy exists between Motorola and Mitsubishi as to whether Motorola infringes the '759 patent.

18.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Motorola is entitled to a declaration by the Court that it does not directly or indirectly infringe and has not infringed any claim of the '759 patent.

## COUNT IV
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,097,759

21.     Mitsubishi has alleged that Motorola infringes or has infringed the '759 patent.

22.     One or more claims of the '759 patent are invalid or void for failure to meet the requirements of 35 U.S.C. and 37 C.F.R. including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

23.     Thus, an actual, substantial controversy exists between Motorola and Mitsubishi concerning the invalidity of the '759 patent.

24.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Motorola is entitled to a declaration by the Court that the '759 patent is invalid.

Case No. 13-cv-80745-MIDDLEBROOKS/BRANNON

<u>**COUNT V**</u>
<u>**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,362,805**</u>

25.     Mitsubishi has alleged that Motorola infringes or has infringed United States Patent No. 7,362,805 ("the '805 patent").    Motorola denies that it infringes or has infringed any valid claim of the '805 patent.

26.     Thus, an actual, substantial controversy exists between the parties as to whether Motorola infringes the '805 patent.

27.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Motorola is entitled to a declaration by the Court that it does not directly or indirectly infringe and has not infringed any claim of the '805 patent.

<u>**COUNT VI**</u>
<u>**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,362,805**</u>

28.     Mitsubishi has alleged that Motorola infringes or has infringed the '805 patent.

29.     One or more claims of the '805 patent are invalid or void for failure to meet the requirements of 35 U.S.C. and 37 C.F.R. including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

30.     Thus, an actual, substantial controversy exists between Motorola and Mitsubishi concerning the invalidity of the '805 patent.

31.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Motorola is entitled to a declaration by the Court that the '805 patent is invalid.

**COUNT VII**
**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,606,539**

32.     Philips has alleged that Motorola infringes or has infringed United States Patent No. 5,606,539 ("the '539 patent").   Motorola denies that it infringes or has infringed any valid claim of the '539 patent.

33.     Thus, an actual, substantial controversy exists between the parties as to whether Motorola infringes the '539 patent.

34.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Motorola is entitled to a declaration by the Court that it does not directly or indirectly infringe and has not infringed any claim of the '539 patent.

**COUNT VIII**
**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,606,539**

35.     Philips has alleged that Motorola infringes or has infringed the '539 patent.

36.     One or more claims of the '539 patent are invalid or void for failure to meet the requirements of 35 U.S.C. and 37 C.F.R. including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

37.     Thus, an actual, substantial controversy exists between Motorola and Philips concerning the invalidity of the '539 patent.

38.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Motorola is entitled to a declaration by the Court that the '539 patent is invalid.

## COUNT IX
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,333,135

39.     Philips has alleged that Motorola infringes or has infringed United States Patent No. 5,333,135 ("the '135 patent").   Motorola denies that it infringes or has infringed any valid claim of the '135 patent.

40.     Thus, an actual, substantial controversy exists between the parties as to whether Motorola infringes the '135 patent.

41.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Motorola is entitled to a declaration by the Court that it does not directly or indirectly infringe and has not infringed any claim of the '135 patent.

## COUNT X
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,333,135

42.     Philips has alleged that Motorola infringes or has infringed the '135 patent.

43.     One or more claims of the '135 patent are invalid or void for failure to meet the requirements of 35 U.S.C. and 37 C.F.R. including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

44.     Thus, an actual, substantial controversy exists between Motorola and Philips concerning the invalidity of the '135 patent.

45.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Motorola is entitled to a declaration by the Court that the '135 patent is invalid.

Case No. 13-cv-80745-MIDDLEBROOKS/BRANNON

## COUNT XI
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,422,676

46.     Thomson has alleged that Motorola infringes or has infringed United States Patent No. 5,422,676 ("the '676 patent").    Motorola denies that it infringes or has infringed any valid claim of the '676 patent.

47.     Thus, an actual, substantial controversy exists between the parties as to whether Motorola infringes the '676 patent.

48.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Motorola is entitled to a declaration by the Court that it does not directly or indirectly infringe and has not infringed any claim of the '676 patent.

## COUNT XII
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,422,676

49.     Thomson has alleged that Motorola infringes or has infringed the '676 patent.

50.     One or more claims of the '676 patent are invalid or void for failure to meet the requirements of 35 U.S.C. and 37 C.F.R. including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

51.     Thus, an actual, substantial controversy exists between Motorola and Thomson concerning the invalidity of the '676 patent.

52.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Motorola is entitled to a declaration by the Court that the '676 patent is invalid.

Case No. 13-cv-80745-MIDDLEBROOKS/BRANNON

## COUNT XIII
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,459,789

53.     Thomson has alleged that Motorola infringes or has infringed United States Patent No. 5,459,789 ("the '789 patent").   Motorola denies that it infringes or has infringed any valid claim of the '789 patent.

54.     Thus, an actual, substantial controversy exists between Motorola and Thomson as to whether Motorola infringes the '789 patent.

55.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Motorola is entitled to a declaration by the Court that it does not directly or indirectly infringe and has not infringed any claim of the '789 patent.

## COUNT XIV
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,459,789

56.     Thomson has alleged that Motorola infringes or has infringed the '789 patent.

57.     One or more claims of the '789 patent are invalid or void for failure to meet the requirements of 35 U.S.C. and 37 C.F.R. including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112.

58.     Thus, an actual, substantial controversy exists between Motorola and Thomson concerning the invalidity of the '789 patent.

59.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Motorola is entitled to a declaration by the Court that the '789 patent is invalid.

## EXCEPTIONAL CASE

60.     To the extent this is an exceptional case under 35 U.S.C. § 285, Motorola is entitled to recovery from the counterclaim defendants of Motorola's attorney's fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

61.     Motorola denies that the counterclaim defendants are entitled to any of the relief requested in their Request for Relief.  Motorola further respectfully requests that this Court enter judgment in Motorola's favor and against the counterclaim defendants by granting the following relief:

a)      a declaration that the asserted claims of the '184 patent, the '759 patent, the '805 patent, the '539 patent, the '135 patent, the '676 patent, and the '789 patent are invalid and unenforceable;

b)      a declaration that Motorola does not infringe, under any theory, any claim of the '184 patent, the '759 patent, the '805 patent, the '539 patent, the '135 patent, the '676 patent, or the '789 patent that may be enforceable;

c)      a declaration that the counterclaim defendants take nothing by their Complaint;

d)      dismissal of the Complaint with prejudice;

e)      judgment against the counterclaim defendants and in favor of Motorola;

f)      an award to Motorola of its costs and attorneys' fees incurred in this action; and

k)      further relief as the Court may deem just and proper.

Case No. 13-cv-80745-MIDDLEBROOKS/BRANNON

## **JURY DEMAND**

62.     Motorola hereby respectfully demands a jury trial of all issues triable to a jury in

this action

Dated:        September 9, 2013              Respectfully submitted,

**KILPATRICK TOWNSEND & STOCKTON LLP**
Matias Ferrario*
mferrario@kilpatricktownsend.com
1001 West Fourth Street
Winston-Salem, North Carolina  27101-2400
Tel.:  (336) 607-7475 Fax: (336) 734-2651
*Admitted Pro hac vice*

-and-

**ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.**

*/s/ Edward M. Mullins*
Edward M. Mullins (Fla. Bar No. 863920)
emullins@astidavis.com
Regan N. Kruse (Fla. Bar No. 84404)
rkruse@astidavis.com
701 Brickell Avenue, 16th Floor
Miami, Florida  33131
Tel.: (305) 372-8282 / Fax:  (305) 372-8202

*Counsel for Defendant Motorola Mobility LLC*

Case No. 13-cv-80745-MIDDLEBROOKS/BRANNON

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system.  I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or; in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Edward M. Mullins*
Edward M. Mullins (Fla. Bar No. 863920)

## SERVICE LIST

*Mitsubishi Electric Corp., et al. v. Motorola Mobility LLC*
Case No.: 13-cv-80745-DMM
United States District Court, Southern District of Florida

Matthew Triggs
mtriggs@proskauer.com
Payal Salsburg
psalsburg@proskauer.com
PROSKAUER ROSE LLP
2255 Glades Road, Suite 421 Atrium
Boca Raton, Florida  33431
Telephone:  (561) 241-7400
Facsimile:  (561) 241-7145

Steven M. Bauer*
sbauer@proskauer.com
Justin J. Daniels*
jdaniels@proskauer.com
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts  02110-2600
Telephone:  (617) 526-9700
Facsimile:  (617) 526-9899
*Admission for pro hac pending*

*Counsel for Plaintiffs*
Electronically served via CM/ECF