**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

MITSUBISHI ELECTRIC CORP. (alternatively
named MITSUBISHI DENKI KABUSHIKI
KAISHA), KONINKLIJKE PHILIPS N.V., and
THOMSON LICENSING,

<em>Plaintiffs</em>,

v.

MOTOROLA MOBILITY LLC,

<em>Defendant</em>.

Civil Action No. 9:13-cv-80745-DMM

JURY TRIAL DEMANDED

<u>**PLAINTIFFS' ANSWER TO MOTOROLA MOBILITY LLC'S COUNTERCLAIMS**</u>

Plaintiffs Mitsubishi Electric Corp. (alternatively named Mitsubishi Denki Kabushiki Kaisha) ("Mitsubishi"), Koninklijke Philips N.V. ("Philips"), and Thomson Licensing ("Thomson") (together, "Plaintiffs") answer the Counterclaims of Defendant Motorola Mobility LLC ("Motorola") as follows.

<b>PARTIES</b>

1.      Upon information and belief, Plaintiffs admit the allegations in Paragraph 1.

2.      Plaintiffs admit the allegations in Paragraph 2.

3.      Plaintiffs admit the allegations in Paragraph 3.

4.      Plaintiffs admit the allegations in Paragraph 4.

<b>JURISDICTION AND VENUE</b>

5.      Plaintiffs admit that Motorola purports to base these purported Counterclaims on the patent laws of the United States, 35 U.S.C. § 1, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.      Plaintiffs admit that this Court has jurisdiction over the subject matter of these purported Counterclaims.

Case 9:13-cv-80745-DMM   Document 31   Entered on FLSD Docket 10/03/2013   Page 2 of 10

7.      Plaintiffs admit that they are subject to personal jurisdiction in this District for purposes of these purported Counterclaims.  No answer is required to the remaining allegations in Paragraph 7, which merely purport to state conclusions of law.

8.      Plaintiffs admit that venue is proper in this District for purposes of these purported Counterclaims.  No answer is required to the remaining allegations in Paragraph 8, which merely purport to state conclusions of law.

**COUNT I**
**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,376,184**

9.      Mitsubishi admits that it has alleged, among other things, that Motorola has infringed and continues to infringe U.S. Patent No. 7,376,184 (the "'184 Patent"), and that Motorola purports to deny that it infringes or has infringed the claims of the '184 Patent.

10.     No answer is required to the allegations in Paragraph 10, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

11.     Plaintiffs deny the allegations in Paragraph 11.

**COUNT II**
**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,376,184**

12.     Mitsubishi admits that it has alleged, among other things, that Motorola has infringed and continues to infringe the '184 Patent.

13.     Plaintiffs deny the allegations in Paragraph 13.

14.     No answer is required to the allegations in Paragraph 14, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

15.     Plaintiffs deny the allegations in Paragraph 15.

2

**COUNT III**
**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,097,759**

16.     Mitsubishi admits that it has alleged, among other things, that Motorola has infringed and continues to infringe U.S. Patent No. 6,097,759 (the "'759 Patent"), and that Motorola purports to deny that it infringes or has infringed the claims of the '759 Patent.

17.     No answer is required to the allegations in Paragraph 17, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

18.     Plaintiffs deny the allegations in Paragraph 18.

**COUNT IV**
**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,097,759**

19.     [No Paragraph 19 appears in the Counterclaims.]

20.     [No Paragraph 20 appears in the Counterclaims.]

21.     Mitsubishi admits that it has alleged, among other things, that Motorola has infringed and continues to infringe the '759 Patent.

22.     Plaintiffs deny the allegations in Paragraph 22.

23.     No answer is required to the allegations in Paragraph 23, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

24.     Plaintiffs deny the allegations in Paragraph 24.

**COUNT V**
**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,362,805**

25.     Mitsubishi admits that it has alleged, among other things, that Motorola has infringed and continues to infringe U.S. Patent No. 7,362,805 (the "'805 Patent"), and that Motorola purports to deny that it infringes or has infringed the claims of the '805 Patent.

26.     No answer is required to the allegations in Paragraph 26, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

27.     Plaintiffs deny the allegations in Paragraph 27.

**COUNT VI**
**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,362,805**

28.     Mitsubishi admits that it has alleged, among other things, that Motorola has infringed and continues to infringe the '805 Patent.

29.     Plaintiffs deny the allegations in Paragraph 29.

30.     No answer is required to the allegations in Paragraph 30, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

31.     Plaintiffs deny the allegations in Paragraph 31.

**COUNT VII**
**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,606,539**

32.     Philips admits that it has alleged, among other things, that Motorola has infringed and continues to infringe U.S. Patent No. 5,606,539 (the "'539 Patent"), and that Motorola purports to deny that it infringes or has infringed the claims of the '539 Patent.

33.     No answer is required to the allegations in Paragraph 33, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

34.     Plaintiffs deny the allegations in Paragraph 34.

**COUNT VIII**
**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,606,539**

35.     Philips admits that it has alleged, among other things, that Motorola has infringed and continues to infringe the '539 Patent.

36.     Plaintiffs deny the allegations in Paragraph 36.

37.     No answer is required to the allegations in Paragraph 37, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

38.     Plaintiffs deny the allegations in Paragraph 38.

**COUNT IX**
**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,333,135**

39.     Philips admits that it has alleged, among other things, that Motorola has infringed and continues to infringe U.S. Patent No. 5,333,135 (the "'135 Patent"), and that Motorola purports to deny that it infringes or has infringed the claims of the '135 Patent.

40.     No answer is required to the allegations in Paragraph 40, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

41.     Plaintiffs deny the allegations in Paragraph 41.

**COUNT X**
**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,333,135**

42.     Philips admits that it has alleged, among other things, that Motorola has infringed and continues to infringe the '135 Patent.

43.     Plaintiffs deny the allegations in Paragraph 43.

44.     No answer is required to the allegations in Paragraph 44, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

45.     Plaintiffs deny the allegations in Paragraph 45.

**COUNT XI**
**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,422,676**

46.     Thomson admits that it has alleged, among other things, that Motorola has infringed and continues to infringe U.S. Patent No. 5,422,676 (the "'676 Patent"), and that Motorola purports to deny that it infringes or has infringed the claims of the '676 Patent.

47.     No answer is required to the allegations in Paragraph 47, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

48.     Plaintiffs deny the allegations in Paragraph 48.

**COUNT XII**
**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,422,676**

49.     Thomson admits that it has alleged, among other things, that Motorola has infringed and continues to infringe the '676 Patent.

50.     Plaintiffs deny the allegations in Paragraph 50.

51.     No answer is required to the allegations in Paragraph 51, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

52.     Plaintiffs deny the allegations in Paragraph 52.

## COUNT XIII
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,459,789

53.      Thomson admits that it has alleged, among other things, that Motorola has infringed and continues to infringe U.S. Patent No. 5,459,789 (the "'789 Patent"), and that Motorola purports to deny that it infringes or has infringed the claims of the '789 Patent.

54.      No answer is required to the allegations in Paragraph 54, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

55.      Plaintiffs deny the allegations in Paragraph 55.

## COUNT XIV
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,459,789

56.      Thomson admits that it has alleged, among other things, that Motorola has infringed and continues to infringe the '789 Patent.

57.      Plaintiffs deny the allegations in Paragraph 57.

58.      No answer is required to the allegations in Paragraph 58, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

59.      Plaintiffs deny the allegations in Paragraph 59.

## EXCEPTIONAL CASE

60.      No answer is required to the allegations in Paragraph 60, which merely purport to state conclusions of law.  To the extent a response is required, Plaintiffs deny each and every one of such allegations.

The remainder of the Counterclaims constitutes Motorola's prayer for relief, to which no response is required.  To the extent a response is required, Plaintiffs specifically deny that

Motorola is entitled to any relief whatsoever. All allegations not specifically admitted to by Plaintiffs in this Answer are denied.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs deny that Motorola is entitled to any relief, including the relief requested by it in its Prayer for Relief.  Plaintiffs respectfully request that this Court enter judgment against Motorola and in favor of Plaintiffs:

(a)  Denying all relief requested by Motorola;

(b)  Dismissing all of Motorola's Counterclaims, with prejudice;

(c)  Declaring that Motorola has infringed U.S. Patent Nos. 7,376,184, 6,097,759, 7,362,805, 5,606,539,  5,333,135, 5,422,676, and 5,459,789;

(d)  Awarding Plaintiffs damages adequate to compensate for Motorola's infringing activities, at a minimum, during the period starting January 1, 2011, together with prejudgment and post-judgment interest on the damages awarded; all of these damages to be enhanced in an amount up to treble the amount of compensatory damages as justified under 35 U.S.C. § 284;

(e)  Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding Plaintiffs their reasonable costs and expenses of litigation, including attorneys' fees and experts' fees;

(f)  Entering judgment against Motorola and in favor of Plaintiffs in all respects; and

(g)    Awarding Plaintiffs such other and further relief as the Court deems just and proper.

Dated: October 3, 2013                                    Respectfully submitted,

PROSKAUER ROSE LLP
2255 Glades Road, Suite 421 Atrium
Boca Raton, FL 33431
Telephone: (561) 241-7400
Facsimile:  (561) 241-7145

*/s/ Payal Salsburg*
Matthew Triggs
Florida Bar No. 0865745
mtriggs@proskauer.com
Payal Salsburg
Florida Bar No. 0057038
psalsburg@proskauer.com

PROSKAUER ROSE LLP
Steven M. Bauer (*pro hac* vice)
Justin J. Daniels (*pro hac* vice)
One International Place
Boston, MA 02110
(617) 526-9600

*Attorneys for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 3rd day of October, 2013 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


/s/ *Payal Salsburg*
Payal Salsburg


<u>**SERVICE LIST**</u>
Matias Ferrario
Kilpatrick Townsend & Stockton, LLP
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: 336-607-7300

Edward M. Mullins
Regan N. Kruse
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue, 16th Floor
Miami, FL 33131
Telephone: 305-372-8282

*Attorneys for Defendant Motorola Mobility LLC*